IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

vs.                                                                     No.    CIV 00-1051 SC/LCS
                                                                               CR 98-0825 SC

**JAIME MENDEZ,**

    **Defendant-Movant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Movant, currently incarcerated and proceeding *pro se,* attacks the Judgment and Sentence entered on August 26, 1999, in the case styled *United States of America v. Jaime Mendez*, and numbered CR 98-0825 SC, United States District Court for the District of New Mexico.  The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

    1.       On November 5, 1998, Movant was indicted for possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). On December 30, 1998, Movant, through Phillip Medrano, Assistant Federal Public Defender, filed

a Motion to Suppress. (Doc. 17.) The Court held a suppression hearing on January 11, 1999, and denied the Motion to Suppress from the bench. (Doc. 20.)

2. On March 23, 1999, Movant pleaded guilty pursuant to a written plea agreement. (Docs. 22; 23.) The plea agreement contained a non-binding stipulation that Movant was entitled to a reduction in the statutory mandatory minimum sentence under the "safety valve" provision. *See* 18 U.S.C. § 3553 (f). The sentencing hearing was continued due to a dispute to whether Movant was entitled to a safety valve reduction in light of Movant's criminal history. (Doc. 24.) In order to qualify for a safety valve reduction, *inter alia*, a defendant cannot have more than one criminal history point. *See* 18 U.S.C. § 3553 (f)(1). Ultimately, the Court found that Movant was not entitled to a safety valve reduction because he had four criminal history points. (Transcript of Sentencing Hearing, 7-19-00 at 3-4.)

3. On July 19, 1999, the Court sentenced Movant to 120 months incarceration, to be followed by five years supervised release. (Doc. 26.) Judgment was entered on August 26, 1999. (Doc. 28.) Movant filed a direct appeal. (Doc. 27.) On September 24, 1999, the Tenth Circuit granted Movant's motion to dismiss his appeal. (Doc. 33.) Movant filed his § 2255 motion on July 17, 2000, claiming that his guilty plea was unlawfully induced, the District Court erred in denying his motion to suppress, and ineffective assistance of counsel based on counsel's advice to enter the plea and waive his right to appeal. (Doc. 36.)

4. The § 2255 Motion, filed within one year of the judgment and sentence, is timely under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255. An evidentiary hearing is not required under 28 U.S.C. § 2255 because the Court has determined that the motion, files, and records of this case conclusively show Movant is not entitled to relief. *See* 28 U.S.C. §

2255.

  5. The Government contends Movant's claims are procedurally barred because he failed to raise them on direct appeal.  Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal.  *See United States v. Frady*, 456 U.S. 152 (1982)*; United States v. Allen*, 16 F. 3d 377, 378 (10th Cir. 1994).  Where a Movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the Movant can first demonstrate either cause and actual prejudice, or that he is actually innocent.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).  Movant has failed to response to the Government's assertion of procedural bar, and thus offers no factors, other than his claim of ineffective assistance of counsel, which could excuse his procedural default.  Movant's claims that his guilty plea was involuntary and that the District Court erred in denying his motion to suppress the trial court are procedurally barred by *Frady*.

  6. In addition to being procedurally barred, Movant's involuntary plea claim is not cognizable on collateral review. "The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *See Bousley v. United States*, 523 U.S. at 621.  Similarly, Movant's claim that the Court erred in denying his motion to suppress is also not cognizable under §2255.  "Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." *See United States v. Cook*, 997 F. 2d 1312, 1317 (10th Cir.1993).  The record establishes that Movant had a full and fair opportunity to present his Fourth Amendment claim.  This Court held a hearing on his motion to suppress, Movant filed an appeal and subsequently withdrew it.  Under these circumstances, Movant's involuntary plea and Fourth

Amendment claims are not cognizable.

7.      Defendant's remaining claims are based on ineffective assistance of counsel. Although not raised on direct appeal, these claims may not be barred by procedural default because Movant may establish cause for a procedural default by showing that he received ineffective assistance of counsel. *See United States v. Cook*, 45 F. 3d 388, 392 (10th Cir.1995). Accordingly, the Court will address the merits of Movant's claims of ineffective assistance of counsel.

8.      Movant contends that Mr. Medrano was ineffective by advising him to plead guilty and to waive his right to appeal. In order to establish ineffective assistance of counsel, Movant must show Mr. Medrano's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for his unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate constitutional deficiency, Movant must show that counsel's performance was completely unreasonable, not simply ill-advised in hindsight. *See Fowler v. Ward*, 200 F. 3d 1302, 1309 (10th Cir. 2000); *Hoxsie v. Kerby*, 108 F. 3d 1239, 1246 (10th Cir.1997). Similarly, to show unconstitutional prejudice, Movant must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. An ineffective assistance claim may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F. 3d 1447, 1457 (10th Cir.1995).

9.      Movant claims Mr. Medrano was ineffective by advising him to accept the plea when it was later determined that he did not qualify for a safety valve reduction. The fact that an attorney persuades his client to accept a plea because it is in his best interests does not render the plea involuntary. *See Boykin v. Alabama*, 395 U.S. 238, 242-244 (1969); *United States v. Carr*, 80 F.

3d 413, 417 (10th Cir. 1996); *Miles v. Dorsey*, 61 F. 3d 1459, 1470 (10th Cir. 1995). A fair assessment of attorney performance requires a reviewing court "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Mr. Medrano's representation must be evaluated in light of the circumstances existing at the time. *Strickland v. Washington*, 466 U.S. at 690.

10. At the time he advised Movant to plead guilty, Movant led Mr. Medrano to believe that prior charges in California had been dismissed. (Transcript of Sentencing Hearing, 7-19-99 at 3.) In fact, the charges had not been dismissed but were prior convictions resulting in a total criminal history of four points. (*Id.*) If Movant had one criminal history point, he would have been eligible for a safety valve reduction and a lesser sentence. (Doc. 23.) The record establishes that Mr. Medrano asked Movant if he wished to withdraw his plea and go to trial, but Movant stated that he wished to proceed with his plea agreement. (Transcript of Sentencing Hearing, 7-19-99 at 3.) Eliminating the distorting effects of hindsight and evaluating Mr. Medrano's conduct from his perspective at the time, his advice was not objectively unreasonable. Thus, Mr. Medrano was not ineffective in advising Movant to accept the plea.

11. The fact that Movant's sentence was longer than anticipated does not render Mr. Medrano ineffective. A defense attorney's erroneous estimate of a sentence does not constitute ineffective assistance of counsel. *See United States v. Williams*, 118 F. 3d 717, 718 (10th Cir. 1997). The express terms of the plea agreement state that Movant "fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court." (Doc. 23 at ¶ 4.) Movant did not receive ineffective assistance of counsel

with respect to Mr. Medrano's advice regarding his plea.

12.     Movant argues that Mr. Medrano was ineffective in urging him to waive his right to appeal. Movant's appeal was dismissed on his own motion after Mr. Medrano filed a notice of appeal and designated the record. (Docs. 27; 29; 30; and 33.) The fact that Mr. Medrano filed the appeal establishes that he advised Movant of his right to appeal. Movant was required to sign the motion to dismiss the appeal. *See* FED. R. APP. P. 42(b). In the plea agreement, the parties stipulated that Movant had one criminal history point. (Doc. 23 at ¶ 7.) Movant waived his right to appeal Court's rejection of this stipulation. (Doc. 23 at ¶ 8.)  At sentencing, Mr. Medrano asked Movant if he wished to withdraw his plea and go to trial, but Movant declined. (Transcript of Sentencing Hearing, 7-19-99, at 3.) Mr. Medrano properly preserved Movant's right to appeal and his representation did not constitute ineffective assistance of counsel. *See United States v. Phillips*, 23 F. 3d 1389, 1390 (8th Cir. 1994). Under these circumstances, Movant's claim of ineffective assistance of counsel is without merit.

## RECOMMENDED DISPOSITION

I recommend that Movant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and this case **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that

party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**